# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                   Case No. 04-CR-235

STEVEN J. PARR,

      Defendant.

## DECISION AND ORDER

### NATURE OF CASE

On October 4, 2004, a federal grand jury in this district returned a one count indictment against the defendant, Steven J. Parr. The defendant is charged with unlawfully threatening to use a weapon of mass destruction against property leased and used by the United States and its departments and agencies, specifically the Reuss Federal Plaza In Milwaukee, Wisconsin, in violation of 18 U.S.C. § 2332a. The defendant appeared for arraignment and entered a plea of not guilty.

Pursuant to the pretrial scheduling order issued at the arraignment and plea, the defendant filed the following motions: 1) Motion to Suppress Statements (Docket #50); 2) Motion to Suppress Physical Evidence (Docket #51); 3) Motion for Transfer (Docket #54); and 4) Motion for Discovery (Docket #55). These motions are fully briefed and ready for resolution. The defendant's motion for transfer of venue and for discovery will be addressed herein. The defendant's motions to suppress will be addressed in a separate decision.

## MOTION FOR TRANSFER

The defendant has moved this court for an order to transfer this case to another district pursuant to Fed. R. Crim P. 21(a). (Docket #54). The defendant claims that the nature of the charges, the "public-hypersensitivity to terrorist bomb threats" and the resultant substantial pretrial publicity necessitate that the venue of this case be moved. (Defendant's Memorandum in Support of Fed. R. Crim. P. 21(a) Transfer [Defendant's Memorandum] at 1). Specifically, the defendant asserts that there was extensive pretrial media coverage about the defendant and the charges against him and that it is anticipated that the pretrial publicity will dramatically increase as the case progresses to trial. The defendant has submitted articles from the Milwaukee Journal Sentinel, a list of entries from local television stations, and a press release from the United States Attorney's Office and other media coverage to support his motion. Based on this publicity, the defendant maintains that he cannot obtain a fair trial in this district. In the alternative, the defendant requests that a decision on his motion be deferred until the conclusion of voir dire.

In opposing the motion, the government points out that this case is set before Judge William Griesbach and, therefore, will likely be tried in Green Bay, Wisconsin, not Milwaukee. (Docket #61). The government states that the existence of pretrial publicity alone is insufficient to justify a transfer. It maintains that the defendant has not shown that the pretrial publicity "rendered the trial setting inherently prejudicial" or that "the publicity created actual juror prejudice," quoting Grancorvitz v. Franklin, 890 F.2d 34, 35-36 (7th Cir.1989). The government further asserts that a decision on the defendant's motion to transfer should await completion of the voir dire of the jurors.

## Analysis

A criminal defendant is guaranteed the right to "an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. In <u>Whitehead v. Cowan</u>, 263 F.3d 708, 720 (7th Cir. 2001), the court articulated the constitutional standard:

> The constitutional standard of fairness requires that a defendant have a panel of impartial, 'indifferent jurors.'" *Murphy v. Florida*, 421 U.S. 794, 799, 44 L. Ed. 2d 589, 95 S. Ct. 2031 (1975) (quoting *Irvin v. Dowd*, 366 U.S. 717, 722, 6 L. Ed. 2d 751, 81 S. Ct. 1639 (1961)). "To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Irvin*, 366 U.S. at 723. "At the same time, the juror's assurances that he is equal to this task cannot be dispositive of the accused's rights, and it remains open to the defendant to demonstrate 'the actual existence of such an opinion in the mind of the juror as will demonstrate the presumption of partiality.'" *Murphy*, 421 U.S. at 800 (quoting *Irvin*, 366 U.S. at 723).

Federal Rule of Criminal Procedure 21(a) addresses motions for transfer based on prejudice to the defendant. Rule 21(a) provides:

> Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there.

A defendant may prove prejudice by one of two methods. "Defendants can establish the existence of a partial jury either by showing that pretrial publicity rendered the trial setting inherently prejudicial or by showing that the publicity created actual juror prejudice." <u>Grancorvitz</u>, 890 F.2d at 35-36 (citing <u>Willard v. Pearson</u>, 823 F.2d 1141, 1146 [7th Cir. 1987]). A defendant can establish actual prejudice by showing that "'a juror cannot lay aside any preconceived impression or opinion of the case and decide the case solely on the evidence.'" <u>Id</u>. at 36. Presumed (or inherent) prejudice is established where "pervasive and

inflammatory pretrial publicity utterly corrupts the trial atmosphere." Willard v. Pearson, 823 F.2d 1141, 1146 (7th Cir. 1987).

However, presumed prejudice is only found in very rare cases where the influence of the media pervaded the proceedings. See e.g., Sheppard v. Maxwell, 384 U.S. 333 (1966) (extensive adverse pretrial and trial publicity, including polls and editorials concerning the defendant's guilt); Estes v. Texas, 381 U.S. 532 (1965) (pretrial proceedings and trial televised and broadcast); Rideau v. Lousiana, 373 U.S. 723 (1963) (confession was televised repeatedly prior to trial). Each of these cases involved egregious examples of inflammatory publicity. Where pretrial publicity has not rendered a trial setting inherently prejudicial, the defendant must show that the pretrial publicity created actual juror prejudice against him. United States v. Garza, 664 F.2d 135, 138-139 (7th Cir. 1981).

The court has carefully reviewed the exhibits supporting the defendant's motion in this case. They are from various media sources, primarily in the Milwaukee metropolitan area. The exhibits include three articles from the Milwaukee Journal Sentinel, 72 individual abstracts from WTMJ-TV in Milwaukee obtained from an internet search, a news bulletin from WKOW-TV, an article from the San Diego Union Tribune, and a September 29, 2004, press release from the United States Attorney's Office in this district announcing the issuance of a criminal complaint against the defendant. The media reports occurred largely from late September to mid-October, 2004.[1] Thus, the media coverage principally occurred at the time of the defendant's arrest through the time of his arraignment on October 13, 2004. The television news and other coverage of this case basically ended with the defendant's arraignment and plea. Clearly the coverage was short-lived. At this juncture, the defendant

---

[1] The defendant has submitted two WTMJ-TV abstracts dated November 18, 2004, which are entitled, "P-Bomb-Training." The court is unable to discern the precise nature of the coverage, except that the "Federal Building" is referenced. See Defendant's Memorandum, Exh. 1, ¶¶ 21-22.

- 4 -

has not established that the pretrial publicity rendered the trial setting inherently prejudicial, nor is he able to demonstrate actual juror prejudice at this time. See Grancorvitz, 890 F.2d at 35-36.

Moreover, this case is set for trial before Judge William Griesbach and, therefore, will likely be tried in Green Bay, not Milwaukee. The pretrial publicity in this case, which occurred primarily in the Milwaukee area, does not warrant a transfer of the trial. It remains to be seen how extensive the media coverage will be as the trial date approaches. Since this court finds that potential jurors are not inherently prejudiced at this time, the burden is on the defendant to show that pretrial publicity created actual juror prejudice against him at the time of trial. Willard, 823 F.2d at 1146. Thus, at the time of voir dire of potential jurors, if the defendant believes that pretrial publicity has created actual juror prejudice against him, he may raise the issue then.

Accordingly, after careful consideration, the court concludes that the district judge should await voir dire before deciding whether venue should be transferred. Therefore, the defendant's motion to transfer venue will be denied without prejudice.

## MOTION FOR DISCOVERY

The defendant moves this court for a list of witnesses the government intends to call at trial in its case-in-chief, as well as in rebuttal. The defendant also requests current addresses and identifying information for each government witness. The defendant maintains that the addresses of government witnesses are necessary in order for his investigator to interview these witnesses to obtain background information which impacts on their credibility, bias and motive. He further asserts that, given his detention without bond and his singular involvement in the charged conduct, there is no one who poses a threat to the witnesses.

- 5 -

In response, the government states that it is following its open file policy and has provided, and will continue to provide, Brady and Giglio[2] information to the defendant. The government also states that it will provide a witness list to the defendant prior to the pretrial conference, but opposes any order requiring it to disclose rebuttal witnesses. The government points out that since it does not know what witnesses the defendant may call to testify, there is no way of knowing what testimony may be relevant to rebuttal. Therefore, the government asserts that it cannot reasonably be expected to formulate an informed list of rebuttal witnesses before trial. The government also opposes providing addresses and identifying information for each government witness, although the government has offered to coordinate witness interviews for the defendant.

The district court, in the exercise of its inherent power to promote the proper administration of criminal justice, possesses the authority to require the government to disclose its list of witnesses to be called at trial. United States v. Jackson, 508 F.2d 1001, 1006 (7th Cir. 1975). The law is clear, however, that the Constitution does not require that a defendant in a noncapital case be provided with a list of all prospective government witnesses. United States v. Napue, 834 F.2d 1311, 1317 (7th Cir. 1987); Jackson, 508 F.2d at 1006. And even when a person is charged with treason or some other capital offense a list of witnesses need not be furnished if the court finds by a preponderance of the evidence that providing the list may jeopardize the life or safety of any person. 18 U.S.C. § 3432.

Federal Rule of Criminal Procedure 16 does not entitle a defendant to the information he has requested. Napue, 834 F.2d at 1317. As noted in Napue, the United States Congress rejected a proposal that would have required the government and a defendant to exchange

---

[2] Brady v. Maryland, 373 U.S. 83, 87 (1963); Giglio v. United States, 405 U.S. 150, 154-55 (1972).

- 6 -

the names and addresses of their witnesses three days before trial. The conference committee expressed concern that such a requirement would discourage witnesses from testifying and would lead to "improper contact directed at influencing their testimony." Id.; see also United States v. Bouye, 688 F.2d 471, 474 (7th Cir. 1982) (citing H.R. Rep. No. 94-414, 94th Cong., 1st Sess. 12, reprinted in [1975] U.S. Code Cong. & Admin. News 674, 713, 716.)

Here, the government has indicated that, at the final pretrial conference, it will provide the names of witnesses who will testify in its case-in-chief. The government has also attested to its compliance with its Brady-Giglio obligations and assures the court that it will continue to comply. Although the defendant asserts that he requires witness addresses so that his investigator can interview them to obtain background information which impacts on their credibility, bias and motive, the government has offered to coordinate witness interviews for the defendant. This should assist the defendant's investigator in contacting and interviewing the witnesses. Moreover, the defendant's reason for obtaining witness addresses is an argument that can be raised in virtually all criminal cases. Such assertion provides an inadequate basis for this court to exercise its discretion to require the government to disclose the addresses of witnesses.

Regarding rebuttal witnesses, the defendant has not established that he has a right to this information, even if the government were able to ascertain at this point what rebuttal witnesses would actually be testifying at trial. Thus, the defendant's request for the names and addresses of rebuttal witnesses will be denied.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendant's motion to transfer this case pursuant to Fed. R. Crim P. 21(a) (Docket #54) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the defendant's motion for discovery (Docket #55) be and hereby is **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 5th day of July, 2005.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge