UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

 v.                                                    Case No. 04-CR-235

STEVEN J. PARR,

        Defendant.

## ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS

On October 5, 2004, a federal grand jury sitting in this district returned a one-count indictment against Defendant Steven J. Parr, charging him with planning to use a weapon of mass destruction (a bomb) to damage a federal building in Milwaukee, Wisconsin, in violation of Title 18 U.S.C. § 2332A. On October 13, 2004, the defendant appeared before Magistrate Judge James Sickel for arraignment and entered a plea of not guilty. Thereafter, the defendant filed a motion to suppress the statement he is alleged to have made to FBI agents in the course of a custodial interview following his arrest and a motion to suppress physical evidence obtained on four separate occasions. The physical evidence defendant seeks to exclude at trial includes items seized under the following circumstances: (1) as a result of a search of his possessions at Oshkosh Correctional Institution where he was serving a sentence; (2) as a result of the execution of a search warrant on the home in which he was living on July 18, 2001; (3) the search of his possessions that were turned over to law enforcement by Linda Williamson, his former girlfriend; and (4) a search of items turned over to law enforcement by David Parr, the defendant's brother.

As is the practice in this district, the motions were referred to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Patricia J. Gorence conducted an evidentiary hearing and issued a thorough report recommending that the motions to suppress be denied. The defendant filed timely objections to Judge Gorence's recommendation and the government has now filed its response. Having now reviewed the transcript of the evidentiary hearings held before Judge Gorence and considered the recommendation and the objections, as well as the government's response, I hereby adopt Judge Gorence's thorough analysis of the issues raised by the defendant's motions and adopt it as my own. On that basis and for the additional reasons stated herein, I conclude that the motions to suppress should be denied.

**1. Motion To Suppress Statement**

Defendant's motion to suppress his statement is based upon his contention that he had been unlawfully detained by state authorities prior to his arrest by the federal agents. The defendant was scheduled to be released from Oshkosh Correctional Institution to a half-way house in Rock County on September 21, 2004. Prior to his release, FBI agents had learned of his alleged plan to blow up the federal office building in Milwaukee. FBI agents conveyed this information, along with the fact that President Bush was going to be visiting the area later that week, to agents of the Wisconsin Department of Corrections (DOC), who were supervising defendant following his release from prison. On the basis of the information conveyed by the FBI, including the more general information concerning the defendant's criminal history, DOC officials elected to detain the defendant to prevent potential violations. The defendant was therefore placed in custody at the Rock County Jail under the authority of his parole agent.

Defendant contends that his detention at the Rock County Jail on September 22, 2004 was illegal because the DOC officials acted on the recommendation of the FBI. There is no doubt that agents of the FBI wanted Wisconsin DOC officials to take defendant into custody based on the information they had received. But this does not change the fact that it was DOC agents, and not the FBI, that made the decision to transfer defendant's custody from a halfway house to the Rock County Jail on September 22, 2004. Because the decision to place the defendant back into secure custody was made by State officers under State law, it is State law that governs the determination of whether the detention was lawful.

Wisconsin law clearly authorizes placing an individual on extended supervision in custody under the circumstances present here. DOC regulations require that clients be taken into custody and detained "if the client is alleged to have been involved in assaultive or dangerous conduct." Wis. Adm. Code § 328.22(1). In addition, agents may take clients into custody and detain them under the following circumstances:

(a) For investigation of an alleged violation by the client;
(b) After an alleged violation by the client to determine whether to commence revocation proceedings;
(c) For disciplinary purposes; or
(d) To prevent a possible violation by the client.

Wis. Adm. Code. § DOC 328.22(2). Although the threat to blow up the Reuss Federal Building was allegedly made prior to the defendant's term of extended supervision, the authority granted agents to prevent violations by the client and protect the public is sufficient to justify the decision to detain him on the basis of the information provided by the FBI.

In this connection, it is important to note that at the time of his detention, defendant was still serving a sentence for a crime of which he was lawfully convicted. His constitutional right to liberty

3

was therefore more limited than that of ordinary citizens. As the Seventh Circuit explained in *Knox v. Smith*, "parolees have a more limited liberty interest than ordinary citizens." 342 F.3d 641, 657 (7th Cir. 2003). *See also Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) ("Revocation [of parole] deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions."). Because of this reduced liberty interest, the arrest of a parolee or, in this case, one on extended supervision, is lawful if based upon a reasonable suspicion that the grounds justifying detention are present. *Knox*, 342 F.3d at 657 (citing *United States v. Knights*, 534 U.S. 112, 121 (2001)). The evidence upon which the DOC agents based their decision to detain defendant was sufficient to meet this standard.

Defendant also complains that the initial detention was authorized for three days–from Wednesday, September 22, 2004 through Friday, September 24, 2004. DOC Supervisor Mary Lee testified that DOC agents were authorized to detain clients for up to three days, excluding weekends and holidays, which could be extended an additional three working days upon approval of a supervisor under Wis. Adm. Code § DOC 328.22.[1] Tr. 9-10. Although the decision to extend defendant's detention was made on Friday, September 24, the authorizing document was not signed until Monday, September 27, 2004. Tr. 24. The extension authorized further detention through September 29, 2004, at which time the defendant was arrested on the federal warrant. It was at that point, following his arrest on the federal charge, that defendant was interviewed by federal agents and made the statement he now seeks to suppress.

---

[1] The current version of Wis. Adm. Code § DOC 328.22 authorizes an initial detention for five working days, with an additional five-day extension upon approval of the regional chief. The discrepancy with Supervisor Lee's testimony remains a mystery, at least to this court.

4

Although he does not deny that he was fully advised of his *Miranda* rights and makes no claim that his waiver of those rights and resulting statement were coerced or involuntary, defendant nevertheless argues that his detention by state DOC agents was illegal because the extension was not signed until after the initial detention order expired and his confession must therefore be suppressed. I agree with Judge Gorence's conclusion that even if the document authorizing the extension of defendant's detention was not signed until after the initial order expired, the extension was valid. Moreover, under DOC regulations, weekends are excluded from the computation, and thus the extension would not have expired until the following Monday in any event. It therefore follows that the defendant was not illegally detained.

Even if defendant's detention was unlawful, however, Judge Gorence further concluded that the challenged statement was not made until he was lawfully arrested on the federal charge and fully advised of his *Miranda* warnings. Based on *Reed v. United States,* 349 F.3d 457 (7th Cir. 2003), Judge Gorence concluded that the federal arrest and the *Miranda* warnings administered by the agents constituted a sufficient intervening circumstance to dissipate any taint caused by the defendant's detention. I agree. Defendant was advised of his *Miranda* rights, his confession was voluntary, and there is no evidence that the FBI agents involved in the investigation intentionally engaged in any misconduct. While little or no time elapsed between the allegedly unlawful custody of the defendant and his statement, it must be remembered that he enjoyed only the limited freedom of a parolee in any event. In the meantime, he was arrested on a federal warrant. Under these circumstances and given the significant intervening event of his lawful arrest on a federal warrant, I conclude that any taint that otherwise existed was dissipated. *See United States v. Green*, 111 F.3d 515, 522 (7th Cir. 1997). Accordingly, the motion to suppress defendant's statement will be denied.

**2. Motion To Suppress Physical Evidence**

Defendant also moved to suppress certain physical evidence obtained in the July, 2001 search of his home pursuant to a search warrant issued in Rock County. The search warrant was issued upon probable cause to believe that the defendant had been involved in marijuana sales. In the course of the search, the investigating officers seized two items that defendant now challenges. The first is a book titled THE ANARCHIST COOKBOOK. The cookbook contains directions on how to grow marijuana, how to make bombs, and how to make LSD. It also contains sections about growing marijuana and has different recipes for use and consumption of marijuana. In addition, a writing tablet that was on a coffee table next to THE ANARCHIST COOKBOOK was seized by the officers. The writing tablet contains handwritten chemistry formulas that the government apparently intends to introduce as evidence in this case. Defendant contends that the cookbook and tablet are not admissible because they were illegally seized. He contends that the articles were not properly seized under the warrant issued in 2001 and that they do not constitute contraband.

Here again, Magistrate Judge Gorence carefully considered the defendant's arguments and concluded that the motion should be denied. I agree. The agents were authorized to search for:

> marijuana and other controlled substances, scales, packaging materials, drug paraphernalia, drug ledgers, address/phone records, indicia of occupancy, opened or unopened financial documents relating to drug proceeds, U.S. currency and any and all instrumentality, substances or documents which are in violation of possession of controlled substance with intent to deliver/THC, contrary to § 951.41(1)(m)(h) of Wisconsin Statutes.

Given the broad description of the items the agents were authorized to seize, their seizure of the cookbook and the writing tablet were appropriate. The fact that the cookbook contained instructions on growing marijuana, as well as other drugs, made it relevant to the charge the agents were

investigating. This would have been immediately apparent upon inspecting the cookbook. The writing tablet next to the cookbook with handwritten notations would also have been relevant. The handwritten notations, assuming that the notations were from information in the cookbook, would have linked the possession and use of the cookbook to the author of the handwriting. Even by itself, the handwriting, assuming that it could be identified, would have constituted "indicia of occupancy," seizure of which the warrant specifically authorized. Under these circumstances, I conclude that defendant's motion to suppress this evidence should be denied.

Defendant next sought suppression of the items copied from his property at Oshkosh Correctional Institution. Defendant contends that he had an expectation of privacy of those documents that were in storage and that had been packed in contemplation of his release. In addition, defendant contends that a heightened expectation of privacy exists for certain documents which he contends constituted personal records relating to an anger management course he was taking in prison.

It is well established that inmates in a correctional facility have no expectation of privacy over their property. An exception exists for legal mail, but in all other respects, correctional officials have the right to search the inmates property, including reading non-legal mail. Although defendant argues that he retains an expectation of privacy over property retained in the prison storage facility, he cites no evidence in support of such a principle, nor is any rationale for such a principle apparent. Correctional officials have a right to insure that property that they maintain, as well as property held by the inmates themselves, does not contain contraband or evidence of a crime. Thus, the Supreme Court has stated unequivocally that prisoners have no reasonable expectation of privacy in their cell. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). If a prisoner has

7

no expectation of privacy over property retained in his living quarters, it makes even less sense that he would have such an expectation over property held in storage by the institution.

Defendant's contention that his papers relating to his anger management course should be suppressed also finds no basis in federal law. Evidence is suppressed when it is unconstitutionally seized. *See Mapp v. Ohio*, 367 U.S. 643 (1961). As already noted, defendant had no expectation of privacy over his property in a prison setting. While plaintiff does cite Wisconsin DOC regulations that afford such materials a limited privilege, these state regulations provide no justification for suppressing such evidence once it has been unconstitutionally obtained. Federal questions of evidentiary privilege are governed by Rule 501 of the Federal Rules of Evidence and are not before me at this time. Thus, regardless of whether the documents constitute plaintiff's personal papers relating to his anger management course, the motion to suppress should be denied.[2]

Finally, defendant seeks suppression of items delivered to FBI agents by his former girlfriend and his brother. These were books and personal effects that the defendant left with his girlfriend prior to his incarceration, as well as items removed from his former home by his brother. Both Ms. Williamson, the defendant's former girlfriend, and his brother voluntarily turned the items over to the FBI. Neither had been given any instructions by the defendant as to how the property was to be maintained. No restrictions were placed on their use of it and the items themselves were kept in bags and boxes. Defendant argues that as bailees of his property, Ms. Williamson and his

---

[2]Defendant requested an evidentiary hearing so that he could supplement the record and establish his interest in the writings and their link to his anger management program. Given my ruling that his motion should be denied even if the materials are precisely what he claims them to be, no evidentiary hearing is necessary. Accordingly, defendants request for a further hearing is denied.

8

brother lacked either the actual or apparent authority to consent to the search of these items by law enforcement.

Here also, Judge Gorence's thorough analysis is more than sufficient to address the defendant's motion. A person who entrusts his property to a third person without placing any limitations upon the authority of the third party over that property assumes the risk that he will allow others access to it. *United States v. Basinski*, 226 F.3d 829, 834 (7th Cir. 2000). Here, there is no evidence that defendant imposed any limitations upon the authority of his former girlfriend or his brother over access to his property. The property left with his former girlfriend was contained in open bags and boxes. His brother, on the other hand, took it upon himself apparently to clean out his former apartment. Given these circumstances, it is clear that both had actual authority to inspect the property themselves and thus to permit law enforcement access to it.

In sum, based upon my review of the transcripts of the hearings before Magistrate Judge Gorence, and her thorough report and recommendation, I conclude that the motions to suppress should be denied. I also find no need for further hearing since the objection raised entirely legal issues not dependent upon facts that are not otherwise clear on the record. Accordingly, the motion to suppress statement and motion to suppress physical evidence are denied.

**SO ORDERED** this   15th   day of March, 2006.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge