# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                     Case No. 04-CR-235

STEVEN J. PARR,

        Defendant.

## ORDER DENYING RULE 29 MOTION
## FOR JUDGMENT OF ACQUITTAL

On April 27, 2006, a jury returned a verdict finding defendant Steven J. Parr guilty of threatening to use a weapon of mass destruction (a bomb) to damage the Reuss Federal Plaza, a building housing various federal offices in Milwaukee, Wisconsin, in violation of Title 18 U.S.C. § 2332A(a)(3). Sentencing is scheduled for August 16, 2006. Presently before the court is the defendant's motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Civil Procedure. For the reasons that follow, defendant's motion will be denied.

A motion for judgment of acquittal notwithstanding the verdict raises the issue of whether the evidence is sufficient to sustain the conviction. In deciding such a motion, the court must view the evidence in the light most favorable to the government and defer to the credibility determinations made by the jury. *United States v. Jackson*, 177 F.3d 628, 630 (7th Cir.1999). The trial court can overturn a verdict "only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Gougis*, 408 F.3d 735, 744 (7th Cir. 2005) (internal quotations omitted). Given this degree of

deference owed jury determinations, the Seventh Circuit has described the defendant's challenge to the sufficiency of the evidence to support a verdict as "a nearly insurmountable hurdle." *Id.*

Here, I find the evidence more than sufficient to support the jury's verdict. In truth, based on this court's instructions concerning the elements of the offense, the jury would have had difficulty reaching any other verdict. I instructed the jury that there were three elements to the crime charged in the indictment: (1) that the defendant threatened to use a weapon of mass destruction; (2) that the threat was against property owned, leased or used by the United States or any of its departments or agencies; and (3) that the threat was a true threat. I further instructed the jury that in order to find that the threat allegedly made by the defendant constituted a "true threat," they must find that:

> the statement attributed to the defendant was made in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of an intention to use a weapon of mass destruction to damage the Reuss Federal Plaza. You must also be satisfied that the defendant intended his statement to be understood in that manner. A "true threat" is a serious statement expressing an intention to do an act which under the circumstances would cause apprehension in a reasonable person, as distinguished from idle or careless talk, exaggeration, or something said in a careless manner. To constitute a true threat, however, it is not necessary that Parr actually intended to use a weapon of mass destruction to damage the building or that he had the capacity to do so. Nor is it required that he communicated the threat to anyone connected with the Reuss Federal Plaza.

(Doc. # 147 at 9-10.)

This instruction was based on my analysis of the law under which the defendant was charged, as well as similar laws prohibiting threats against federal officers and employees, contained in my Decision and Order On Defendant's Motion To Exclude Rule 404(b) Evidence. (Doc. # 135 at 4-15.) While defendant clearly disagrees with, and will presumably appeal, the court's

2

determination of what is required for a finding of guilt under 18 U.S.C. § 2332A(a)(3) and what constitutes a true threat, those issues are separate and distinct from the question of whether the evidence presented was sufficient to sustain the jury's verdict. As to the latter issue, I conclude that the evidence was sufficient to support the jury's verdict, given my instructions on the law.

The most convincing evidence against the defendant were his own words which unequivocally described a plan to use an explosive device to cause significant damage to the Reuss Federal Plaza and serious injury or loss of life to those that worked there. Much of the remaining evidence offered by the government was intended to show that the defendant was indeed serious about his plan and that he had taken steps to develop the capacity to carry it out. Even the defendant did not deny that he had made such a threat. Given the audio recording obtained by his cell-mate, denial was not really an option. Instead, the defendant argued that the threat was not a true threat but rather the product of his intense feelings of insecurity. Defendant testified that he was simply a "loser" who made up grandiose stories in order to get attention from others. His brother and a psychologist corroborated his claim. But they also conceded, at least implicitly, that in order to succeed in getting attention from others, the defendant had to make his stories believable. Thus, he had to make his threats sound like "true threats." In effect, the defense amounted to a concession that the defendant was guilty of the crime, as I had defined it for the jury, but claimed the defendant was more to be pitied than feared. The jury apparently rejected such a defense.

This case presents important questions concerning the extent to which government may punish mere threats. In the course of the trial and pretrial proceedings, this court has set forth its understanding of the present state of the law as it bears on those issues. If the court erred in its analysis of the law or in its evidentiary rulings, defendant will be entitled to a new trial. But based

3

on the law as it was explained to the jury, I find that the evidence present clearly supports the jury's verdict. Accordingly, defendant's motion for judgment of acquittal is denied.

**SO ORDERED** this __10th__ day of July, 2006.

s/ William C. Griesbach<br>
WILLIAM C. GRIESBACH<br>
United States District Judge

Case 1:04-cr-00235-WCG   Filed 07/10/06   Page 4 of 4   Document 157