UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

          Plaintiff,

v.                                  **Case No. 04 CR 235**

**STEVEN J. PARR,**

          Defendant.

**SENTENCING MEMORANDUM**

The overriding principle and basic mandate of 18 U.S.C. §3553(a) requires district courts to impose a sentence "*sufficient, but not greater than necessary,*" to comply with the four purposes of sentencing set forth in §3553(a)(2): (a) retribution (to reflect seriousness of the offense, to promote respect for the law, and provide "just punishment"); (b) deterrence; (c) incapacitation ("to protect the public from further crimes"); and (d) rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." The Parsimony Provision is not just another "factor" to be considered along with the others set forth in §3553(a) (discussed below). Rather, it sets an independent limit on the sentence a court may impose.

-1-

In determining the sentence minimally sufficient to comply with the §3553(a)(2) purposes of sentencing, the court must consider several factors listed in §3553(a). These are (1)"the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the kinds of sentence available:" (3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable. 18 U.S.C. §3553(a)(1),(a)(3), (a)(5)-(7).

Neither the statute itself nor Booker suggests that any one of these factors is to be given greater weight than any other factor. *U.S. v. Booker*, 125 S.Ct. 738 (2005). However, it is important to remember that all factors are subservient to § 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.

The Court is now empowered with a freer hand to determine sentences by weighing a multitude of mitigating factors which were unavailable at the time the guidelines were mandatory. This Court can now consider circumstances which may have given rise to a traditional guideline departure, as well as those factors which were not permitted to be considered as departure factors now that the guidelines are advisory. In imposing its sentence, this Court must consider all factors which are relevant to an individualized

sentence under 18 U.S.C. §3553. The Court need not be limited by the traditional guideline departure factors and should now consider the circumstances enumerated below in its imposition of a just and fair sentence.

The defendant maintains that the advisory guideline sentence is too harsh; that there are mitigating factors for a sentence below the calculated guideline range; and, that the calculated guideline sentence is greater than is necessary to comply with the purposes of §3553.

1. **Diminished capacity.**

The defendant maintains that he has suffered continuously prior to, during, and after the charged offense with Schizoaffective Disorder, Bi-Polar type, Post-Traumatic Stress Disorder, and Impulse Control Disorder. The attached psychiatric report demonstrates that the defendant committed the offense while suffering from a "significantly reduced mental capacity which contributed substantially to the commission of the offense." It is clear from Dr. Rainey's testimony during the trial, as well as his report (see attached), that Mr. Parr suffers from mental deficiencies which compromised his capacity to control his conduct and which shaped his offense behavior. Dr. Rainey concluded that the diminution in such capacity was a significant factor in his grandiose and delusional statements to the informant. It is likely that the threats which he uttered were directly and causally

related to mental conditions. Unquestionably, his ability to control his behavior, his speech, and his thought patterns were compromised by his psychological deficiencies. His grandiosity is amply demonstrated through the quality and substance of his statements to the informant, his past conduct, and his testimony.

The defendant's PTSD developed as a result of a terrifying incident in 1991. On this occasion, the defendant was kidnaped at gunpoint and held by three individuals for six hours. He was abducted as he attempted to enter his apartment, placed in the back of the car, physically restrained, and beaten multiple times. He was struck countless times in the face and all over his body and was hit with an iron on his head. He sustained permanent injuries from the assault.

His attackers were white supremacists, who apparently abducted him in the hopes of getting money to support their own drug habits. One of his assailants was identified through photographs, apprehended and sentenced to prison. The other two individuals were never identified. During his ordeal, the following things occurred: (1) he was taken to a location where he was told his body would be dumped; (2) a weapon was forced into his mouth, at which time his tooth was broken off and forced through his upper lip; (3) he received second degree burns on both feet; (4) the individuals threatened to kill his girlfriend; and, (5) he was driven from location to location so that he could obtain money from friends.

Mr. Parr ultimately escaped and was found covered in blood in an unconscious state. He was hospitalized and subsequently treated by a mental health professional for approximately one year, for PTSD.

   **2.   Overstatement of offense level and criminal history**.

The PSI writer and the government suggest sentences which result in level 42 and 34 respectively, according to the guidelines. They further suggest that the appropriate criminal history is VI. A sentence in accordance with these calculations would be either 316 months to life, or 262 to 327 months. Those figures represent a life sentence, or alternatively, the balance of his productive life. Such sentences are shockingly disproportionate to the underlying conduct and grossly excessive when considering the directives of 18 U.S.C. §3553 and the parsimony provision. If, according to the government's proposed sentence, §2A6.1 is applied in conjunction with §3A1.4(a), the defendant will be sentenced as if he completed an act of terrorism such as those enumerated in 18 U.S.C. §2332(b)(g). These acts include killing during an attack on a federal building, conspiracy to commit murder, killing employees of the United States, destruction of government communication systems, presidential assassination and kidnaping, homicides, bombings in public places, arson and bombing government property.

If this Court were to find all of the guideline provisions recommended by the government applicable, and sentenced the

-5-

defendant accordingly, it would be doing so for a threat without overt acts, and without any proven intent or capacity to commit the act. Surely, logic dictates that a person who verbalizes a threat should be treated differently and more leniently than one who acts upon such threat. The government and PSI guideline calculations grossly overstate the charged conduct. That concern is evidenced in the departure provision of the Application Note for §2A6.1 which states, in part:

> "(A) In General.–The Commission recognizes that offenses covered by this guideline may include a particularly wide range of conduct and that it is not possible to include all of the potentially relevant circumstances in the offense level. Factors not incorporated in the guideline may be considered by the court in determining whether a departure from the guidelines is warranted."

The Court should also take into account that the government's proposed application of §3A1.4 would change the defendant's criminal history from IV to VI. If he were at an offense level 12 and a criminal history of IV, his guideline range would be 21 to 27 months. If, as the government suggests, after all the enhancements for intent, terrorism, and obstructing, his base level of 34 would jump when increasing his criminal history from IV to VI, from 210 to 262 months, to 262 to 327 months. The government and PSI calculations dramatically overstate the defendant's criminal history.

-6-

Case 1:04-cr-00235-WCG   Filed 08/10/06   Page 6 of 8   Document 161

### 3. Conduct outside of the "Heartland."

The defendant further maintains that the criminal conduct charged in the indictment is atypical and outside the heartland of the guidelines. An offense which is outside of the heartland is described in §1A1.1(4)(b): "the commission intends the sentencing courts to treat each guideline as carving out a 'heartland,' a set of typical cases embodying the conduct that each guideline describes." When a court finds an atypical case, one to which a particular guideline linguistically applies, but where conduct significantly differs from the norm, the court may consider whether a departure is warranted."

In the instant action, the defendant engaged in conversation with a jail informant which was intended to remain confidential and which was disseminated only because of its interception by law enforcement. There were no component parts found for the described explosive device, nor was there any evidence that the chemical formulations described by the defendant would have produced an explosion or weapon of mass destruction. The defendant described his plan as one which could theoretically take place at a time as distant as ten years in the future. The circumstances of the defendant's conduct is not that which was contemplated by the sentencing commission and is clearly outside of the heartland of the applicable guideline.

The aforementioned factors are those which should be considered as mitigating the defendant's conduct and which justify the imposition of a sentence which is significantly lower than that suggested by the government or the PSI. The defendant therefore recommends to the Court that a sentence of 21 months is that amount which is sufficient, but not greater than necessary to serve the purposes of sentencing as defined in 18 U.S.C. §3553.

Dated at Milwaukee, Wisconsin this 10th day of August, 2006.

Respectfully submitted,

/S/ Robert G. LeBell

Robert G. LeBell, SBN 01015710
Attorney for Defendant
735 W. Wisconsin Avenue, #800
Milwaukee, WI 53233
(414) 276-1233